# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:09cr176 |
| | § | (Judge Crone) |
| JAMES S. BOND | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 22, 2009, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Randy Blake.

On December 13, 2004, Defendant was sentenced by the Honorable Robert Junell to thirty (30) months' custody followed by three (3) years of supervised release for the offense of Aiding and Abetting Possession with Intent to Distribute a Controlled Substance. On October 16, 2006, Defendant completed his period of imprisonment and began service of his supervised term. On July 23, 2008, Defendant's term of supervised releases was revoked and Defendant was sentenced to three (3) months' custody followed by a twenty-seven (27) month term of supervised release. On February 11, 2009, Defendant's term of supervised release was revoked and he was sentenced to six (6) months' custody followed by an additional twenty-four (24) month term of supervised release. On September 17, 2009, this case was transferred to the Eastern District of Texas, Sherman Division and assigned to United States District Judge Marcia A. Crone.

On September 11, 2009, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following

mandatory condition: (1) that defendant shall refrain from any unlawful use of a controlled substance and that he shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court. The petition also alleged a violation of the following standard condition: (1) that defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. The petition also alleged a violation of the following special conditions: (1) that defendant shall participate in substance abuse treatment program which may include urinalysis testing as directed by the probation officer and that defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on his ability to pay; (2) that defendant shall participate in home confinement for the first nine months which includes electronic monitoring; and (3) that defendant must participate in a mental health treatment program which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer and defendant may be required to contribute to the costs of services in an amount to be determined by the probation officer.

The petition alleges that defendant committed the following acts: (1) On July 10, 2009, defendant submitted a urine specimen which tested positive for marijuana; (2) On August 6, 2009, defendant submitted a urine specimen which tested positive for marijuana; (3) The defendant failed to submit to drug testing as directed on June 22, 2009, July 1, 18, and 29, 2009, and August 4, 15, and 19, 2009; (4) The defendant failed to attend substance abuse treatment on July 21, 2009, and August 18, 2009, as directed; (5) On July 12, 2009, defendant violated his condition of home confinement by leaving his residence without permission; (6) On July 13, 2009, defendant violated

his condition of home confinement by failing to return as scheduled; (7) On August 20, 2009, the defendant violated his condition of home confinement by leaving his residence from 6:50 p.m. and returning at 8:08 p.m., without permission; (8) On August 28, 2009, defendant violated his condition of home confinement by leaving his residence at 7:20 a.m., without permission; and (9) On August 6, 2009, the defendant was referred for treatment to Dr. Thomas Grugle, but defendant has failed to make an appointment.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months with no supervised release to follow. It is also recommended that Defendant be housed in the FCI Fort Worth.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 23rd day of September, 2009.**


_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE